UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW OETMAN and
JOSEPH TALBOT,
        Plaintiffs,

                                                                               No. 1:07-cv-125

-v-

                                                          HONORABLE PAUL L. MALONEY

CITY OF GRAND RAPIDS, et al.,
        Defendants.

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION IN LIMINE

      Plaintiffs allege, among other things, Defendant Police Officers used excessive force against them in effectuating their arrests. The complaint also alleges the City of Grand Rapids has a policy, practice or custom that violates constitutional rights by failing to train, supervise or discipline officers on the use of excessive force in effectuating arrests. Defendants seek to exclude all testimony and/or exhibits regarding alleged uses of excessive force by any Grand Rapids Police Department officer, including Defendants Scott Ranburger and John Kraczon, other than the force used or allegedly used during the July 17, 2005 incident at issue in this case. Defendants assert any evidence of the use of excessive force outside of evidence about the events that occurred on July 17, 2005 is not admissible under FED. R. EVID. 402, 403 or 404(b). Defendants assert the only evidence disclosed by them pertains to GRPD Use of Force Reports completed by both Defendant Officers for the period between January 1, 2002 through July 17, 2005. In their response, Plaintiffs state they intend "to introduce the use of force reports by the two defendant officers only." (Plaintiffs' Response at 2.)

LEGAL FRAMEWORK

The Federal Rules of Evidence do not specifically contemplate the use of motions in limine, however, their use has evolved under the federal courts' inherent authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). *See also Figgins v. Advance America Cash Advance Centers of Michigan, Inc.*, 482 F. Supp.2d 861, (E.D. Mich. 2007) (explaining that such motions find some basis for authority under Fed. R. Evid. 103(c) which provides that jury proceedings should be conducted "so as to prevent inadmissible evidence from being suggested."). The decision to grant or deny a motion in limine is within a trial court's discretion. *United States v. Certain Lands Situated in the City of Detroit*, 547 F.Supp. 680, 681 (E.D. Mich. 1982). The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay and ensure and even-handed and expeditious trial, as well as to focus the issues to be considered by the jury. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Motions in limine allow the trial judge to eliminate from consideration evidence that should not be presented to the jury because it would not be admissible for any purpose. *Id.*; *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson*) Such motions may also be used to prevent a jury from exposure to prejudicial evidence. *Provident Life & Accident Ins. Co. v. Adie,* 176 F.R.D. 246, 250 (E.D. Mich. 1997); *Certain Lands*, 547 F.Supp. at 681. Generally, when a motion in limine does not raise questions about admissibility of evidence or that evidence would be prejudicial, the motion will be denied. *See Goldman v. Healthcare Mgt. Sys., Inc.*, 559 F. Supp.2d 853, 873 (W.D. Mich. 2008) (Maloney, J.).

ANALYSIS

Rule 402

Under Rule 402, only relevant evidence is admissible and irrelevant evidence is inadmissible. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The Sixth Circuit Court of Appeals described the relevancy standard "extremely liberal" and stated a district court "may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738-739 (6th Cir. 2006) (quoting *DXS, Inc. v. Siemens Med. Sys. Inc.*, 100 F.3d 462, 475 (6th Cir. 1996)).

The Use of Force Reports are admissible under Rule 402. The reports are relevant to the claim against Defendant City.

Rule 403 and Rule 404

Relevant evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. FED. R. EVID. 403. "Unfair prejudice" ordinarily references an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Whittington*, 455 F.3d at 739 (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show action in conformity therewith. It may, however, be admissible for other purposes, . . ." FED. R. EVID. 404(b). In order to admit evidence of prior acts, a district court must determine whether the alleged prior acts occurred, whether the evidence is submitted for a proper purpose, and whether the probative value of the evidence is substantially outweighed by the danger

of unfair prejudice. *Koehler v. Smith*, No. 09-1595, 124 F.3d 198 * (6th Cir. Sept. 25, 1997) (unpublished table opinion) (citing *United States v. Myers*, 123 F.3d 350, 362-363 (6th Cir. 1997)). *See United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004) (discussing the three part inquiry). Where the evidence passes the first and second inquiries, but there is a danger that it will be misused in an unfairly prejudicial way, limiting instructions to the jury should be employed. *United States v. Johnson*, 27 F.3d 1186, 1194 (6th Cir. 1994) ("to apply Rule 404(b) fairly, the district court must carefully identify, in its instructions to the jury, the specific factor named in the rule that is relied upon to justify admission of the other acts evidence, explain why that factor is material, and warn the jurors against using the evidence to draw inferences expressly forbidden in the first sentence of Rule 404(b)."). *See United State v. Berry*, 290 F.App'x 784, 789 (6th Cir. 2008); *United States v. Foster*, 376 F.3d 577, 592 (6th Cir. 2004).

In a section 1983 action against a police officer alleging the use of excessive force in effectuating the arrest of the plaintiff, the Sixth Circuit held a district court did not abuse its discretion when it excluded evidence that a defendant police officer had used excessive force in the past. *Franklin v. Messmer*, 111 F.App'x 386, 388 (6th Cir. 2004) (per curiam). Although the plaintiff in *Franklin* had also sued the local municipality on a failure to train theory, that claim had been resolve against the plaintiff on summary judgment. *Id.* at 387. In contrast, in a section 1983 action alleging excessive force against a police officer and the local municipality where both counts went to trial, the Third Circuit held the trial court should not have excluded evidence that the defendant officer had used excessive force on prior occasions. *Fletcher v. O'Donnell*, 867 F.2d 791, 794 (3d Cir. 1989). The court conceded the evidence of prior bad acts would be prejudicial to the plaintiff's claim against the defendant officer, but found that prejudice "was not a valid reason for

4

preventing [the plaintiff] from attempting to prove a custom of toleration of use of excessive force by using the only evidence which would suffice for that purpose." *Id.* Where the evidence against the defendant city is based largely on the historical course of conduct of the defendant police officer, at least one court has opted to conduct separate trials due to the potential problems of unfair prejudice against the defendant officer by the evidence of his past conduct that would be admissible on the claims against the defendant city. *See Kelly v Ward*, No. C-3-93-110, 1994 WL 1631041 (S.D. Ohio July 5, 1994) (Rice, J.).

Some of the submitted Use of Force Reports are admissible under Rule 404(b). See Dkt #83. *See United States v. Lofton*, 250 F.App'x 689, 695 (6th Cir. 2007) (citing *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985) (explaining that Rule 404(b) is a rule of inclusion rather than a rule of exclusion)). As the reports have been completed by Defendant Officers, they have admitted the events described in those reports did occur. The evidence is submitted for a proper purpose; the evidence is relevant to establishing Plaintiffs' claim against Defendant City. The evidence is probative of a material issue other than character. *See Huddleston v. United States*, 485 U.S. 681, 686 (1988) ("the threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether the evidence is probative of a material issue other than character.").

Rule 403 does require exclusion of some Use of Force Reports. On the record before this Court, the probative value of the reports is minimal and substantially outweighed by the danger of unfair prejudice or confusion of the issues.

Incident reports 04-005524, 02-085813, and 04-043454 concern felony arrests and therefore contain no fact pattern remotely close to the facts of the case at bar. Incident report 03-091222

concerns an attempted suicide call. For the same reason, the report is excludable. In incident report 02-055515, the arrestee told the officers, "they were just doing their job". This report has no probative value under those circumstances. Shooting an injured deer (#04-099379) has no probative value.

As to the remaining reports, subject to the foundation being established, the court conditionally finds them admissible.

There is a danger a jury might use the reports for purposes other than for determining the issue of Defendant City's liability. The reports may pose a danger a jury might use the evidence to find that Defendant Officers conduct toward Plaintiffs was in conformity with the conduct described in the reports. As necessary, a limiting instruction will be provided to the jury explaining how the reports may be used.

For these reason, Defendants' motion (Dkt. No. 83) in limine is **GRANTED IN PART AND DENIED IN PART. IT IS SO ORDERED.**


Date:  July 22, 2009                                                      /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              Chief United States District Judge